UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kimone G.,                                                     Civ. No. 22-1688 (PAM/ECW)

          Petitioner,

v.                                                                              **ORDER**

United States of America,

          Respondent.

---

This matter is before the Court on Petitioner Kimone G.'s Petition for Writ of Habeas Corpus. The instant Petition challenges immigration removal proceedings. For the following reasons, the Petition is denied.

**BACKGROUND**

Petitioner Kimone G. is a native and citizen of Jamaica. She entered the country in 2018 while possessing about a pound of cocaine. Customs officials discovered the contraband and arrested Petitioner. She subsequently pleaded guilty in 2020 to two drug-trafficking offenses in the United States District Court for the Eastern District of New York. See United States v. Kimone G., No. 1:18-CR-0106 (E.D.N.Y.).[1]

The government initiated removal proceedings against Petitioner after her conviction. During the removal proceedings, Petitioner argued, among other things, that she had been trafficked to America was at risk of torture and sexual abuse should she be

---

[1] Consistent with this District's practice in immigration-related habeas proceedings, Petitioner's name has been obscured in the interests of privacy.

removed to Jamaica. The immigration judge denied Petitioner's application for asylum, concluded that Petitioner was not entitled to protection under the regulations implementing the Convention Against Torture, see 8 C.F.R. §§ 1208.16(c)-1208.18, and ordered that Petitioner be removed from the United States due to having committed particularly serious crimes within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii). The Board of Immigration Appeals affirmed the order of removal on September 29, 2023, making that order final. Petitioner's removal now appears to be imminent.

Petitioner currently is pursuing with U.S. Citizenship and Immigration Services a visa that is available to victims of human trafficking—what is known as a "T visa." If Petitioner were to procure a T visa, her removal from the country would be postponed. See 8 C.F.R. § 214.11(c). But T visas are available only to persons who are physically present in the United States or at a port of entry to the United States. See 8 C.F.R. § 214.11(b)(2). Thus, if Petitioner were to be removed from the United States and returned to Jamaica, she would no longer be eligible for a T visa.

In addition to her application for a T visa, Petitioner filed this habeas corpus proceeding seeking to delay her removal. See Petition (Docket No. 1); 28 U.S.C. § 2241. Petitioner recognizes that she cannot attack the validity of the final order of removal through a petition for a writ of habeas corpus. Under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." Federal district courts lack jurisdiction to review final orders of removal. See also 8 U.S.C. § 1252(g). But Petitioner does not ask that the Court invalidate her final order of removal. Neither

does Petitioner ask that the Court declare that she is eligible for a T visa (another action that would lie outside the authority of the Court). Instead, Petitioner asks instead that the federal government be directed not to remove her from the country while her application for a T visa remains pending.

**DISCUSSION**

Because Petitioner's removal is imminent, Petitioner has requested a temporary restraining order ("TRO") commanding the government not to remove her in the immediate future. (Docket No. 4.) Courts evaluating a motion for a TRO or preliminary injunctive relief weigh four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause to the other litigants; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The most important of those factors is success on the merits—preliminary injunctive relief cannot be entered where a litigant cannot establish any likelihood of success on their claims. Shrink Missouri Government PAC v. Adams, 151 F.3d 763, 764 (8th Cir. 1998). "A TRO is an extraordinary remedy, and the plaintiff has the burden of demonstrating that [she] is entitled to such relief." Minneapolis Urban League, Inc. v. City of Minneapolis, 650 F. Supp. 303, 305 (D. Minn. 1986).

Having reviewed the habeas petition, the TRO motion, and the documents Petitioner filed Petitioner in support of the petition and TRO, the Court concludes that Petitioner cannot demonstrate a likelihood of success on the merits of her claims. Petitioner's request for a TRO will therefore be denied.

The claims raised in the Petition are not a matter of first impression in this District. At least one other litigant has previously sought habeas relief on largely the same grounds that Petitioner now seeks relief—specifically, that she is entitled to a stay of removal until such time that her application for a T visa is adjudicated. See Nicholas L.L. v. Barr, No. 19-CV-2543 (ECT/TNL), 2019 WL 4929795 (D. Minn. Oct. 7, 2019) (Tostrud, J.). In a thorough order, Judge Tostrud concluded that the petitioner in Nicholas L.L. had not demonstrated a likelihood of success on the merits and therefore was not entitled to the preliminary injunctive relief he sought. Id.

The Court adopts the reasoning of Nicholas L.L. As noted above, and as Nicholas L.L. explains, federal courts lack jurisdiction over claims attacking the legality of final orders of removal. See 8 U.S.C. § 1252(a)(5), (g). Federal courts also lack jurisdiction over claims that, although not a direct attack on the substance of a removal determination or the procedures employed to reach a removal determination, are "inextricably linked to the order of removal." Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012) (quotation omitted). There is, however, one carveout recognized by the Eighth Circuit to the jurisdiction-stripping provisions of § 1252: Federal district courts may consider "a purely legal question of statutory construction," notwithstanding that the consideration of that question might affect the legality of a final order of removal. Jama v. Immigr. & Naturalization Serv., 329 F.3d 630, 632 (8th Cir. 2003); accord Silva v. United States, 866 F.3d 938, 941 (8th Cir. 2017).

The Nicholas L.L. court concluded that most of the claims raised in that proceeding—which, again, mirror the claims raised in this proceeding—could not be

4

characterized as purely legal questions and that § 1252 therefore deprived the Court of jurisdiction over those claims. But Nicholas L.L. identified one purely legal question in which habeas relief might properly be sought in federal district court: "Whether a T-visa applicant lawfully may be removed before a bona fide determination [on the visa application] has been made . . . ." Nicholas L.L., 2019 WL 4929795, at *5.

Although the court had jurisdiction over this purely legal claim, Nicholas L.L. concluded that the petitioner was nevertheless not entitled to habeas relief or injunctive relief. Federal regulations expressly provide that removal may be effected in at least some circumstances where an application for a T visa remains pending, see 8 C.F.R. § 214.11(d)(1)(ii), (e)(3), and the petitioner in Nicholas L.L. could not show that these regulations conflicted with federal statute or infringed his constitutional rights—for example, the petitioner in Nicholas L.L. could not show that he had a liberty or property interest protected by the Due Process Clause in an administrative determination regarding his eligibility for a T visa, or that he would be deprived of a protected liberty interest in eligibility for a T visa should he be removed from the United States. In short, the petitioner in Nicholas L.L. lost on the merits of the lone claim over which the district court had jurisdiction.

The Court finds the analysis in Nicholas L.L. persuasive and fully adopts that analysis in this Order. Petitioner raises three arguments that warrant further discussion.

First, relying on a Third Circuit Court of Appeals' opinion, Petitioner asserts that the Court has jurisdiction over her claims notwithstanding the jurisdiction-stripping provisions of § 1252 because she has no other procedural vehicle through which to raise

5

her claims. E.O.H.C. v. Sec'y United States Dep't of Homeland Sec., 950 F.3d 177 (3d Cir. 2020). E.O.H.C. is not binding on this Court, but even if it were, the case does not stand for the proposition Plaintiff believes. In E.O.H.C., the Third Circuit concluded that § 1252 did not deprive the district court of a challenge of two citizens of Guatemala to their interim removal from the United States to Mexico—an interim removal that would have preceded the entry of any final order of removal to Guatemala. Id. at 180. The Third Circuit described the jurisdiction-stripping provisions of § 1252 as consolidating for judicial review before the appellate court any claims arising out of immigration proceedings related to removal decisions after entry of a final order of removal. But the threatened interim removal at issue in E.O.H.C. would have preceded the entry of any final order of removal. "By the time there is a final order of removal to Guatemala (if that ever happens), it will be too late to review or remedy their return to Mexico in the meantime." Id. at 187. Petitioners therefore were permitted to raise their claim through a habeas petition filed with the district court rather than waiting for entry of a final order of removal and appeal to the circuit court.

In this case, by contrast, Petitioner is already subject to a final order of removal. Petitioner's eligibility for discretionary relief can be included among the bundle of issues § 1252 requires to be brought before an appellate court in a challenge that order of removal. For that reason, the Third Circuit has declined to extend the logic of E.O.H.C. to instances in which a final order of removal has been entered. See Tazu v. Attorney Gen. United States, 975 F.3d 292, 299 (3d Cir. 2020). Thus, even if E.O.H.C. were binding in this matter, the Court would continue to lack jurisdiction over the bulk of Petitioner's claims.

Petitioner also relies on other out-of-jurisdiction decisions, including <u>Fatty v. Nielsen</u>, No. C17-1535-MJP, 2018 WL 3491278 (W.D. Wash. July 20, 2018), and <u>S.N.C. v. Sessions</u>, No. 18 Civ. 7680 (LGS), 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018), in support of her arguments that the Court has jurisdiction over her claims and that she is entitled to a TRO. But as <u>Nicholas L.L.</u> explained, the law of the jurisdictions in which those decisions were made differs from the law of the Eighth Circuit, which controls in this matter. <u>Nicholas L.L.</u>, 2019 WL 4929795, at *7. The law of the Eighth Circuit, as explained above, limits district courts encroaching upon a final order of removal to reviewing only purely legal questions. The Court simply cannot review, for example, whether Petitioner's application for a T visa is bona fide, because that is not a purely legal issue and § 1252 places it beyond this Court's jurisdiction.

Brief mention of the three remaining <u>Dataphase</u> factors is also appropriate. In the absence of a TRO, Petitioner might be removed from the country; that removal would constitute irreparable harm to Petitioner because she would lose eligibility for a T visa. But there is potential for harm to the government as well. The relief Petitioner requests amounts to an indefinite stay of removal during the pendency of post-removal administrative proceedings, and during this period, the government will incur costs in detaining Petitioner or in supervising Petitioner outside of detention. Moreover, there is a public interest in the efficient administration of the nation's immigration laws. The remaining <u>Dataphase</u> factors thus do not weigh heavily in Petitioner's favor.

But these remaining <u>Dataphase</u> factors are less important in this matter than the first factor. And for the reasons explained in <u>Nicholas L.L.</u>, Petitioner simply has not

demonstrated and cannot demonstrate any likelihood of success on the merits of her claims. The Court therefore denies the motion for a temporary restraining order.

Having concluded that Petitioner cannot demonstrate any likelihood of success on the merits of her claims, the determination that Petitioner is not entitled to habeas relief is inescapable. Accordingly, the habeas petition will be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Petitioner's pending motion for appointment of counsel will be denied, as the Court does not believe that appointment of counsel is likely to substantially advance Petitioner's claims. But Petitioner's application to proceed in forma pauperis ("IFP") will be granted. Petitioner need not pay the filing fee for this matter, and she need not ask the Court for IFP status should she choose to appeal this Order. See Fed. R. App. P. 24(a)(3).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. Petitioner's Motion for a Temporary Restraining Order (Docket No. 4) is **DENIED**;

3. Petitioner's Motion to Appoint Counsel (Docket No. 3) is **DENIED**;

4. Petitioner's Application to Proceed in forma pauperis (Docket No. 2) is **GRANTED**; and

---

[2] The habeas petition is not governed by 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to her petition. See Rule 1(b).

    5.    This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 27, 2023            *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge